## In re PERUVIAN ROAD LITIGATION.
### No. 167.

Judicial Panel on Multidistrict Litigation.
July 26, 1974.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

■ This litigation arises out of a highway construction project in the Peruvian Andes which was financed by the United States Government. Charles Pettis, a former resident manager of the project, has filed two actions against the designer of the highway in the Southern District of Texas and two actions against the project's construction companies in the District of Idaho. Plaintiff moves the Panel for an order transferring the two actions pending in the Southern District of Texas to the District of Idaho for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Only Texas defendants oppose transfer to Idaho. We find that these actions involve common questions of fact and that transfer of the actions pending in the Southern District of Texas to the District of Idaho will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In two separate actions plaintiff charges the defendant designers and construction companies with breach of contract and various torts. He alleges that he was discharged and blacklisted by defendants because he exposed the negligence responsible for serious rockslides during construction and the subsequent concealment of costly repair work on the road and because he tried to prevent the defendants from making false claims to the governments of the United States and Peru. In addition to his private causes of action, plaintiff has also filed companion actions, against the designers in Texas and the construction companies in Idaho, on behalf of the United States, pursuant to 31 U.S.C. § 232, alleging that the defendants improperly designed the road and mismanaged its construction and conspired to submit false claims for payment by the United States Government in violation of the False Claims Act.

Although Texas defendants admit the existence of common questions of fact relating to certain conspiracy issues, they assert that most of the breach of contract, tort, and fraud allegations will re-

---

* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

quire separate proof of conduct by the defendants individually. They also contend that this litigation does not involve the number of actions or complexity of issues for which coordinated or consolidated pretrial procedures were designed and they maintain that informal coordination among counsel is the best way to avoid any potentially repetitive discovery.

■ Although only a limited number of actions are involved in this litigation, we nevertheless find persuasive reasons for ordering transfer pursuant to Section 1407. The factual allegations in all actions are inextricably intertwined and raise sufficiently complex common issues concerning the design and construction of the road project to warrant transfer. Discovery of the common underlying facts will involve complex engineering and scientific data, as well as the financial records and other documents of the defendants. A Section 1407 transfer serves as a guarantee against that discovery being duplicated by the parties to the Idaho and Texas actions. And while informal coordination of discovery amongst the parties to eliminate repetition is commendable in any complex litigation, the supervision of the discovery and all other pretrial proceedings in this litigation by a single judge will redound to the advantage of both plaintiff and defendants and ensure a just and efficient termination of the pretrial stage, at a considerable savings of judicial time and resources.

■ In addition, defendants in the District of Idaho have moved to dismiss on jurisdictional grounds plaintiff's action under the False Claims Act. The district judge has determined that a factual issue exists and has held the motion in abeyance pending a plenary hearing. Plaintiff anticipates that the Texas defendants will make a similar challenge in the corresponding Texas action. The facts presented by plaintiff to support the Idaho court's jurisdiction would be the same facts he would present to the Texas court. Thus transfer of the Texas action will enable the defendants to jointly present their challenge of jurisdiction to the transferee court and eliminate the possibility of inconsistent decisions.

■ The District of Idaho is the most appropriate transferee forum for this litigation. We recognize the inconvenience of this forum to Texas defendants; but the Southern District of Texas would be equally inconvenient to the Idaho defendants. Two factors, however, militate in favor of the Idaho forum. One is the familiarity of the transferee judge with the issues raised by defendants' motion to dismiss. The other is the fact that the District of Idaho has a significantly lighter civil action docket than the Southern District of Texas and, therefore, the transferee judge will be able to devote quick attention to this litigation. *See* Annual Report of the Director of the Administrative Office of the United States Courts (1973), Appendix I.

It is therefore ordered that the actions listed on the attached Schedule A pending in the Southern District of Texas be, and the same hereby are, transferred to the District of Idaho and, with the consent of that court, assigned to the Honorable Ray McNichols for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A

District of Idaho

| | |
|---|---|
| Charles Pettis, ex rel. v. Morrison-Knudsen Co., Inc., et al. | Civil Action No. 1–72–49 |
| Charles Pettis & Huguette Pettis v. Morrison-Knudsen Co., Inc., et al. | Civil Action No. 1–72–50 |

Southern District of Texas

| | |
|---|---|
| Charles Pettis, ex rel. United States v. Brown & Root, Inc., et al. | Civil Action No. 72–H–465 |
| Charles Pettis & Huguette Pettis v. Brown & Root, Inc., et al. | Civil Action No. 72–H–466 |